## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| BARRY P. COOPER and<br>SANDRA G. COOPER,<br><br>      Plaintiffs/Petitioners,<br><br>      v.<br><br>COMMISIONER OF INTERNAL REVENUE,<br>and THE VIRGIN ISLANDS BUREAU<br>OF INTERNAL REVENUE,<br><br>      Defendants/Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 2010-040<br>)<br>)<br>)<br>)<br>)<br>) |

**Attorneys:**

**Joseph A. DiRuzzo, III, Esq.,**
Miami, FL
    *For the Plaintiff*

**Christopher D. Belen, Esq.,**
Washington, D.C.
    *For the Commissioner of Internal Revenue*

**Tamika Archer, Esq.,**
St. Thomas, U.S.V.I.
    *For the Virgin Islands Bureau of Internal Revenue*

## MEMORANDUM OPINION

**Lewis, District Judge**

      THIS MATTER comes before the Court on Petitioners Barry and Sandra Cooper's "Motion for Leave to Take an Immediate Appeal Pursuant to Federal Rule of Civil Procedure 54(b)" of this Court's Order granting Respondent Commissioner of Internal Revenue's Motion to Dismiss, which was filed on October 5, 2011. (Dkt. No. 25). Respondent Commissioner of Internal Revenue does not oppose the relief requested by Petitioners. (Dkt. No. 26). For the

reasons that follow, the Court will grant the Petitioner's Motion.

## I.   BACKGROUND

On May 20, 2010, Petitioners filed a Complaint against the Commissioner of Internal Revenue ("IRS") and the Virgin Islands Bureau of Internal Revenue ("VIBIR"). (Compl., Dkt. No. 1). In their Complaint, Petitioners allege that they received a Notice of Deficiency from the IRS asserting that they were not bona fide United States Virgin Islands residents and therefore owe approximately $622,000 in unpaid taxes and penalties for tax years 2002 and 2003. *Id*. at ¶¶ 3-4, 10.  The Complaint brings: 1) claims against the IRS, contesting the Notice of Deficiency as to both Sandra and Barry Cooper (Counts I and II); and 2) refund claims against the VIBIR for overpayment of taxes in 2002 and 2003 (Count III).  Petitioners' claims against the VIBIR depend, in part, on whether they are obligated to pay more taxes to the IRS based on the Notice of Deficiency. *Id*. at ¶ 33.

On July 22, 2010, the IRS filed a Motion to Dismiss, arguing that the Court lacked subject matter jurisdiction over Petitioners' claims challenging the Notice of Deficiency. (Dkt. No. 6).  On July 24, 2011, Petitioners filed a Motion to Interplead the IRS.  (Dkt. No. 16).  They argued that the IRS, through its Notice of Deficiency, sought to collect unpaid taxes on income that had already been taxed by the VIBIR.  Petitioners sought to interplead the IRS to avoid the prospect of litigating against the taxing agencies separately and being subject to what they described as "double taxation." *Id*.

On July 26, 2011, citing to its July 18, 2011 Omnibus Order in *McHenry v. Commissioner of Internal Revenue,* Civil Case No. 2010-021, the Court granted the IRS' Motion to Dismiss and denied the Petitioners' Motion to Interplead on the grounds that, pursuant to the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a), the United States Tax Court has exclusive

jurisdiction over suits challenging a tax deficiency sought by the United States and that this Court therefore lacked subject matter jurisdiction. (*See* Dkt. No. 17) (citing *McHenry v. C.I.R.*, 2011 WL 2912686 (D.V.I. July 18, 2011)). Petitioners then sought a certificate of appealability under 28 U.S.C. § 1292(b) regarding the issue of whether the Court has the authority to interplead the IRS in a refund suit against the VIBIR. (Dkt. No. 18). On August 31, 2011, the Court denied that motion on the grounds that Petitioners had failed to show "a substantial ground for disagreeing with the Court's ruling that it lacks subject matter jurisdiction to interplead the IRS in this matter." (Dkt. No. 21 at 7).

On September 13, 2011, Petitioners filed a notice of appeal of the July 26, 2011 Order granting the IRS' Motion to Dismiss. (Dkt. No. 22). On October 5, 2011, Petitioners filed the instant motion, seeking leave, under Fed. R. Civ. P. 54(b), to file an immediate appeal to the Third Circuit of this Court's July 26, 2011 Order granting the IRS' Motion to Dismiss. (Dkt. No. 25).[1] On October 18, 2011, the IRS filed a memorandum indicating that it does not oppose an order allowing Petitioners to seek review of the Court's order granting its Motion to Dismiss. (Dkt. No. 26).[2]

## II. DISCUSSION

### A. Applicable Legal Principles

Federal Rule of Civil Procedure 54(b) states, in pertinent part:

When an action presents more than one claim for relief--whether as a claim,

---

[1] Petitioners only request certification of "this Court's order granting the IRS' motion to dismiss." (Dkt. No. 25 at 2). Thus, this Memorandum Opinion is limited to the portion of Docket Number 17 pertaining to the Motion to Dismiss, but not the section denying Petitioners' Motion to Interplead the IRS.

[2] The VIBIR did not submit a response to Petitioners' Motion.

>counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Thus, "Rule 54(b) permit[s] the district court to separate out final decisions from non-final decisions in multiple party and/or multiple claim litigation in order to allow immediate appeal." *In re Diet Drugs Prods. Liab. Litig.*, 401 F.3d 143, 162 (3d Cir. 2005) (quoting *Weiss v. York Hosp.*, 745 F.2d 786, 802 (3d Cir.1984)). Rule 54(b) was designed to "strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." *Allis-Chalmers Corp. v. Philadelphia Elec. Co.*, 521 F.2d 360, 363 (3d Cir. 1975) (citations omitted).

"A decision to certify a final decision under Rule 54(b) involves two separate findings: (1) there has been a final judgment on the merits, i.e., an ultimate disposition on a cognizable claim for relief; and (2) there is 'no just reason for delay.'" *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 202 (3d Cir. 2006) (quoting *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980)). The trial court must "clearly articulate the reasons and factors underlying its decision to grant 54(b) certification." *Anthuis v. Colt Indus. Operating Corp.*, 971 F.2d 999, 1003 (3d Cir. 1992). Whether to certify a final decision under Rule 54(b) is left to the discretion of the district court. *Berckeley Inv. Group, Ltd.,* 455 F.3d at 202.

The Third Circuit has listed the following factors for a district court to evaluate in ascertaining the propriety of a Rule 54(b) certification:

>(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of

competing claims, expense, and the like.

*Allis-Chalmers Corp,* 521 F.2d at 364; *see also Devcon Intern. Corp. v. Reliance Ins. Co.*, 2007 WL 4800356, at *2 (D.V.I. Dec. 21, 2007) (discussing factors).

### B.  Analysis

"It is well established that [t]he filing of a notice of appeal ... confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Sheet Metal Workers' Intern. Ass'n Local 19 v. Herre Bros., Inc.*, 198 F.3d 391, 393-94 (3d Cir. 1999) (citations omitted).  However, although Petitioners filed notice of their appeal of the Order granting the Motion to Dismiss prior to filing the instant motion, the Court finds that it has jurisdiction to consider the motion. *See Devcon Intern. Corp.*, 2007 WL 4800356, at *1 ("[T]he Court is persuaded that it retains jurisdiction to certify a ruling under Rule 54(b) despite the filing of a notice of appeal."); *see also Sinaloa Lake Owners Ass'n v. California Div. of Safety of Dams*, Civ., 993 F.2d 884 (9th Cir. 1993) (non-precedential) (holding "that the district court retained the power to issue a Rule 54(b) certification despite the intervening filing of the notice of appeal"); *United States v. Hitchmon*, 602 F.2d 689, 693 (5th Cir. 1979) ("We are persuaded that filing a notice of appeal from a nonappealable order should not divest the district court of jurisdiction...."); *accord Tilden Financial Corp. v. Palo Tire Service, Inc.,*  596 F.2d 604, 607 (3d Cir. 1979) (finding that Court of Appeals had jurisdiction over appeal even though Rule 54(b) certification order came after premature notice of appeal).

Regarding the first Rule 54(b) certification inquiry, the Court finds that its Order granting the IRS' Motion to Dismiss (Dkt. No 17) is "an ultimate disposition on a cognizable claim for relief."  *Berckeley Inv. Group, Ltd.* 455 F.3d at 202; *Smith v. Turner*, 2006 WL 839468, at *2 (S.D. Ind. March 29, 2006) (finding that order dismissing claims against one group of defendants

for lack of subject matter jurisdiction was a final order for purposes of Rule 54(b)).

Regarding the second inquiry, whether there is "no just reason for delay," after reviewing the record and the factors argued by Petitioners, the Court finds that the Rule 54(b) factors weigh in favor of certification of the dismissal of Petitioners' claims against the IRS.  The Order granting the IRS' Motion to Dismiss resolved all of Petitioners' claims against the IRS.  *See Banque Paribas v. Hamilton Industries Intl.*, 767 F.2d 380, 383 (7th Cir. 1985) (certification of orders disposing of entire dispute between plaintiff and one defendant proper under 54(b)). Courts have held that certification of dismissals based on lack of subject matter jurisdiction are appropriate for Rule 54(b) certification. *Delaware Valley Citizens Council for Clean Air v. Davis*, 932 F.2d 256, 264 (3d Cir. 1991) (finding that district court properly certified order of dismissal for lack of subject matter jurisdiction for immediate appeal under Rule 54(b)); *Meche v. Richard*, 2007 WL 3129583, at *1 (W.D. La. Oct. 22, 2007) (finding that certification of issue of court's subject matter jurisdiction "was in the sound interest of judicial determination, as the issue of this Court's subject matter jurisdiction may be dispositive of the entire case.").

Additionally, Petitioners' remaining claims against the VIBIR depend largely on whether they are determined to be Virgin Islands residents and thus whether they are obligated to pay more taxes to the IRS. (*See* Compl. at ¶ 33).  An immediate appeal of this Court's subject matter jurisdiction finding will promote judicial economy and potentially prevent inconsistent resolutions of the residency issues raised in Petitioners' Complaint.  *U.S. Golf Ass'n v. St. Andrews Systems, Data-Max, Inc.*, 749 F.2d 1028, 1031 (3d Cir. 1984) ("considerations of judicial economy" are proper considerations in exercising discretion to certify under Rule 54(b)) (citing *Curtiss-Wright Corp.*, 446 U.S. at 8). Further, if the Court were to deny Rule 54(b) certification and were ultimately reversed by the Third Circuit on the subject matter jurisdiction

issue, continued proceedings between Petitioners and the VIBIR without the presence of the IRS would potentially be a waste of resources. *See Access Mediquip L.L.C. v. UnitedHealth Group Inc.*, 2010 WL 4812968, *4 (S.D. Tex. Nov. 19, 2010) ("If the Court were to deny entry of a Rule 54(b) final judgment and the preemption ruling were ultimately reversed by the appellate court, all proceedings in this court between entry of this Memorandum and Order and entry of a final judgment on all claims would be a waste of the time and resources of the Court and both parties.").

Finally, as to the remaining factors, there is no possibility that resolution of Petitioners' claims against the VIBIR will moot their claims against the IRS. *Cf. Sussex Drug Products v. Kanasco, Ltd.*, 920 F.2d 1150, 1156 (3d Cir. 1990) (certification inappropriate when "the possibility exists here that the need to review the issues currently appealed may be mooted by future developments in the district court."). The issue of this Court's subject matter jurisdiction is a discrete issue of law that the Third Circuit will seemingly not have occasion to review a second time if certification is granted. *See Devcon Intern. Corp.*, 2007 WL 4800356, at *3 (finding certification under Rule 54(b) appropriate because "no appellate court would have to decide the same issues more than once even if there were subsequent appeals"). Because the dismissal of the IRS was for jurisdictional reasons, set-off is not a possibility. *Allis-Chalmers Corp,* 521 F.2d at 364. And notably, the IRS does not oppose immediate review by the Third Circuit of the Order granting the Motion to Dismiss. *See Banco Central Del Paraguay v. Paraguay Humanitarian Foundation, Inc.*, 2008 WL 2951681, at *1 (S.D.N.Y. July 28, 2008) (considering it relevant to Rule 54(b) certification issue that defendant who had obtained summary judgment did not oppose Rule 54(b) certification of summary judgment).

Accordingly, the Court finds that the Rule 54(b) certification factors weigh in favor of

granting Petitioners' Motion for Leave to Take an Immediate Appeal Pursuant to Federal Rule of Civil Procedure 54(b).

### III. CONCLUSION

For the reasons stated above, the Court finds that that there is no just reason for delaying final judgment on Petitioners' claims against the IRS. Accordingly, the Court will grant Petitioners' Motion for Leave to Take an Immediate Appeal Pursuant to Federal Rule of Civil Procedure 54(b) and directs that final judgment be entered against Petitioners on Counts I and II of the Complaint – their claims against the IRS. An appropriate Judgment accompanies this Memorandum Opinion.

Date: March 2, 2012 _____/s/_____
WILMA A. LEWIS
District Judge